587 S.E.2d 109

**In the Matter of Wade H. JONES, III, Respondent.**

**No. 25723.**

Supreme Court of South Carolina.

Submitted Aug. 29, 2003.
Decided Sept. 29, 2003.

Henry B. Richardson, Jr., Susan M. Johnston and Princess F.H. Hodges, all of Columbia, for the Office of Disciplinary Counsel.

John P. Freeman, of Columbia, for Respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the sanction of an indefinite suspension or disbarment. We accept the agreement and disbar respon-

dent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## Facts

From August 2000 until November 2002, respondent retained for his personal use approximately $51,000 in legal fees that belonged to the law firm by which he was employed. On some occasions, respondent misappropriated funds by having clients make checks payable to him instead of the firm. On other occasions involving closings, instead of preparing a check to the law firm for the entire legal fee, respondent made one check payable to the firm for a portion of the fee and made another check payable to his personal credit card. On another occasion, respondent, without the client's consent, used client trust funds to pay two of his credit cards. It was respondent's intention to charge the client legal fees for the amount of the disbursements.

Taking into account monies the firm owed him, respondent still owes the firm $23,520. Respondent is attempting to repay this amount to the firm and fully acknowledges his responsibilities to the firm.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(a) (a lawyer shall hold property of clients that is in the lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

Respondent also acknowledges that his misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

10

### *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent. Within thirty days of the date of this opinion, Disciplinary Counsel and respondent shall establish a restitution schedule pursuant to which respondent shall make restitution to the law firm from which funds were taken. Failure to make restitution in accordance with this opinion and the restitution plan may result in respondent being held in contempt of this Court. Respondent shall not apply for readmission until restitution to the firm has been paid in full.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur. MOORE, J., not participating.